# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JUSTIN EDMISTON,

    Plaintiff

v.

SUCIDO, et al.,

    Defendants

Case No.: 3:21-cv-00245-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 24

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for preliminary injunction. (ECF No. 24.) Defendants filed a response. (ECF No. 26.) Plaintiff filed a reply. (ECF No. 27.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 8.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) The court screened Plaintiff's amended complaint and allowed him to proceed with Eighth Amendment excessive force claims against Sucido and Weiland, as well as a supervisory liability claim against Gittere. (ECF No. 7.)

Plaintiff alleges that on April 6, 2021, when medications were being passed out, he captured his food-slot door in protest of being deprived a shower and time on the yard for 72 hours. Correctional Officer Sucido, who was passing out medications, stabbed Plaintiff with his

key, causing severe gashes and bleeding on Plaintiff's upper right forearm. Plaintiff avers that his arm was swollen for a week, and three sections of stitches were required. Then, when Correctional Officer Weiland brought Plaintiff to the infirmary and was under restraints, Weiland insulted Plaintiff and threatened him with physical violence. When Plaintiff saw Warden Gittere, he turned his head toward Gittere and told him, "fuck you." This prompted Weiland to twist Plaintiff's right thumb, trying to dislocate it at an awkward angle. Plaintiff jerked his head toward Weiland and told him to quit twisting his thumb. Weiland then swept Plaintiff's legs out from under him and smeared his face on the ground, resulting in deep scrapes, bruising and scars.

Plaintiff has filed a motion for preliminary injunction, requesting the court issue some form of criminal sanctions against Defendants based on their alleged use of excessive force.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every

case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, the PLRA limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

### III. DISCUSSION

Plaintiff does not address his likelihood of success on the merits. Nor does he assert that he will face irreparable harm in the absence of injunctive relief, that the balance of equities tips

in his favor or that injunctive relief is in the public interest. Instead, he only requests that criminal sanctions be imposed against Defendants. Aside from the fact that Plaintiff has not addressed the factors required for the court to award injunctive relief, the imposition of criminal sanctions is not an appropriate remedy in a civil rights action brought pursuant to 42 U.S.C. § 1983. As such, Plaintiff has not met his burden of establishing he is entitled to injunctive relief.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for preliminary injunction (ECF No. 24).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 6, 2022

_____
Craig S. Denney
United States Magistrate Judge