1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JUSTIN EDMISTON,

    Plaintiff

v.

SUCIDO, et al.,

    Defendants

Case No.: 3:21-cv-00245-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 46

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's emergency motion seeking an order that he be taken to the hospital for treatment of a bloody eye and associated blurry vision. (ECF No. 46.) Defendants filed a response. (ECF No. 47.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 8.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) The court screened Plaintiff's amended complaint and allowed him to proceed with Eighth Amendment excessive force claims against Sucido and Weiland, as well as a supervisory liability claim against Gittere. (ECF No. 7.)

Plaintiff alleges that on April 6, 2021, when medications were being passed out, he captured his food-slot door in protest of being deprived a shower and time on the yard for 72

1  hours. Correctional Officer Sucido, who was passing out medications, stabbed Plaintiff with his

2  key, causing severe gashes and bleeding on Plaintiff's upper right forearm. Plaintiff avers that his

3  arm was swollen for a week, and three sections of stitches were required. Then, when

4  Correctional Officer Weiland brought Plaintiff to the infirmary and was under restraints,

5  Weiland insulted Plaintiff and threatened him with physical violence. When Plaintiff saw

6  Warden Gittere, he turned his head toward Gittere and told him, "fuck you." This prompted

7  Weiland to twist Plaintiff's right thumb, trying to dislocate it at an awkward angle. Plaintiff

8  jerked his head toward Weiland and told him to quit twisting his thumb. Weiland then swept

9  Plaintiff's legs out from under him and smeared his face on the ground, resulting in deep scrapes,

10  bruising and scars.

11       Plaintiff filed this emergency motion seeking an order that NDOC transport him to the

12  hospital immediately for treatment for his eye, which he claims is bloody inside and he has

13  associated blurred vision.

## II. DISCUSSION

15       In seeking injunctive relief, "there must be a relationship between the injury claimed in

16  the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific*

17  *Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 635 (9th Cir. 2015). "This

18  requires a sufficient nexus between the claims raised in a motion for injunctive relief and the

19  claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary

20  injunction and the underlying complaint is sufficiently strong where the preliminary injunction

21  would grant 'relief of the same character as that which may be granted finally." *Id*. (quoting *De*

22  *Beers Consl. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or

23  nexus, the district court lacks authority to grant the relief requested." *Id*.

Here, Plaintiff is proceeding with Eight Amendment excessive force claims related to an incident that took place in April of 2021. His motion makes no connection between his eye injury and his excessive force claim, and his allegations do not reference an eye injury. The relief sought by way of this motion—immediate transport to the hospital for treatment of his eye—is not of the same character as the relief that may be granted finally in this case with respect to the Eighth Amendment excessive force allegations. Therefore, the court lacks authority to grant the requested relief in this action. Instead, Plaintiff's remedy is to address this issue using the prison's internal mechanisms, which may include filing a medical kite as well as a grievance. If unresolved *after completing the grievance process*, Plaintiff may file a *new action* asserting a denial of adequate medical care under the Eighth Amendment.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's emergency motion (ECF No. 46).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

1      2. That this Report and Recommendation is not an appealable order and that any notice of

2 appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

3 until entry of judgment by the district court.

4

5 Dated: July 6, 2022

6                                                                         _____
                                                                          Craig S. Denney
7                                                                         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23