UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN EDMISTON,<br><br>                    Plaintiff,<br>     v.<br>RICARDO SAUCEDO,[1] *et al*.,<br><br>                    Defendants. | Case No. 3:21-cv-00245-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Justin Edmiston brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation (ECF No. 48 ("R&R")) of United States Magistrate Judge Craig S. Denney, recommending that the Court deny Edmiston's emergency motion for immediate medical transport[2] (ECF No. 46 ("Motion")). Edmiston had until July 20, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will deny Edmiston's Motion.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the

---

[1]The Court directs the Clerk of Court to correct the name on the docket from "Sucido" to "Ricardo Saucedo." (ECF No. 47 at 1.)

[2]Defendants filed a response to Edmiston's Motion and Edmiston did not file a reply. (ECF No. 47.)

findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. Judge Denney correctly found that the Court lacks authority to grant Edmiston's requested relief in the Motion. (ECF Nos. 46 at 1-2, 48 at 3.) This is because the Eighth Amendment excessive force claim in Edmiston's complaint is distinct and unrelated to the incident in his Motion, where he seeks immediate medical transport for an eye injury that he sustained in June 2022. (ECF Nos. 46 at 3, 48 at 3.) *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 635 (9th Cir. 2015) (noting that there must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself . . . where the preliminary injunction would grant relief of the same character as that which may be granted finally") (internal quotation marks and citation omitted). Because there is not a sufficient nexus here, the Court must deny Edmiston's Motion and he may file a new, separate lawsuit for his eye injury after he completes the prison internal grievance process. (ECF No. 48 at 3.) The Court therefore agrees with Judge Denney and adopts the R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 48) is accepted and adopted in full.

It is further ordered that Edmiston's emergency motion (ECF No. 46) is denied.

DATED THIS 26th Day of July 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE