1

2

3               UNITED STATES DISTRICT COURT

4                    DISTRICT OF NEVADA

5                          * * *

6   JUSTIN EDMISTON,                    Case No. 3:21-cv-00245-MMD-CSD

7                        Plaintiff,                    ORDER

8         v.

9   RICARDO SAUCEDO,[1] et al.,

10                      Defendants.

11

12   I.    SUMMARY

13         *Pro se* Plaintiff Justin Edmiston, who is incarcerated at Ely State Prison, brings this

14   action under 42 U.S.C. § 1983 against Defendants William Gittere, Ricardo Saucedo, and

15   James Weiland for excessive force.[2] (ECF No. 38.) Before the Court are Edmiston's

16   motion in limine[3] (ECF No. 39), motion for subpoena of video[4] (ECF No. 65), and the

17   Reports and Recommendations (ECF Nos. 36, 53 ("R&Rs")) of United States Magistrate

18   Judge Craig S. Denney, recommending that the Court deny Edmiston's motion for

19

20

21

22   _____

23         [1]Defendant Ricardo Saucedo is incorrectly identified as "Sucido." (ECF No. 61 at
     1.) The Court directs the Clerk to correct his name on the docket.

24         [2]Edmiston was granted leave and filed a second amended complaint ("SAC").
     (ECF Nos. 37, 38.) The claims in Edmiston's SAC are largely similar to his prior complaint.
25   After screening, he was allowed to proceed with his Eighth Amendment excessive force
     claims against Saucedo, Weiland, and Gittere. (ECF No. 37.)
26
           [3]Defendants responded (ECF No. 42) to the motion and Edmiston replied (ECF
27   No. 43).

28         [4]Defendants responded (ECF No. 70) to the motion and Edmiston replied (ECF
     No. 71).

preliminary injunction (ECF No. 24 ("PI Motion")) and motion for summary judgment[5] (ECF No. 28 ("MSJ")). Entsminger filed objections to the R&Rs.[6] (ECF Nos. 41, 55.) Edmiston also objected (ECF No. 66) to Judge Denney's order (ECF No. 64) denying his motion for appointment of expert witness (ECF No. 56). For the reasons stated below, the Court will deny Edmiston's motion in limine and motion for subpoena, adopt Judge Denney's R&Rs, and overrule Edmiston's objections to Judge Denney's R&Rs and order.

## II.   BACKGROUND

The Court incorporates by reference and adopts the background in Judge Denney's R&Rs, and does not restate that background here. (ECF Nos. 36 at 1-2, 53 at 1-2.)

## III.   LEGAL STANDARDS

### A.  Review of Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, Advisory Committee Notes (1983). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

### B.  Review of Magistrate Judge's Pretrial Ruling

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A);

---

[5]Edmiston appealed Judge Denney's R&R for the MSJ and order denying Edmiston's motion for appointment of expert. (ECF Nos. 58, 59, 66.) However, the Ninth Circuit recently dismissed Edmiston's appeal for lack of jurisdiction. (ECF No. 72.)

[6]Defendants responded to Edmiston's objections to the R&Rs. (ECF Nos. 44, 57.)

1   Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or

2   set aside any part of the order that is clearly erroneous or is contrary to law"); *see also*

3   LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate

4   judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate

5   judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is

6   "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been

7   committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is

8   contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules

9   of procedure." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011)

10  (citation omitted). When reviewing the order, however, the magistrate judge "is afforded

11  broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v.*

12  *Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply

13  substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cnty. of S.F.*,

14  951 F.2d 236, 241 (9th Cir. 1991) (citation omitted)

15      **C.  Summary Judgment Standard**

16      "The purpose of summary judgment is to avoid unnecessary trials when there is

17  no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*,

18  18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate

19  when the pleadings, the discovery and disclosure materials on file, and any affidavits

20  "show there is no genuine issue as to any material fact and that the movant is entitled to

21  judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue

22  is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could

23  find for the nonmoving party and a dispute is "material" if it could affect the outcome of

24  the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49

25  (1986). Where reasonable minds could differ on the material facts at issue, however,

26  summary judgment is not appropriate. *See id*. at 250-51. "The amount of evidence

27  necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to

28  resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718

1  F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253,

2  288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and

3  draws all inferences in the light most favorable to the nonmoving party. *See Kaiser*

4  *Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation

5  omitted).

6          The moving party bears the burden of showing that there are no genuine issues of

7  material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once

8  the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting

9  the motion to "set forth specific facts showing that there is a genuine issue for trial."

10  *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings

11  but must produce specific evidence, through affidavits or admissible discovery material,

12  to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.

13  1991), and "must do more than simply show that there is some metaphysical doubt as to

14  the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting

15  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere

16  existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]"

17  *Anderson*, 477 U.S. at 252.

18  **IV.    DISCUSSION**

19          To start, the Court will adopt Judge Denney's first R&R and deny Edmiston's PI

20  Motion because Edmiston does not have standing to seek criminal sanctions under 18

21  U.S.C. § 242 in his § 1983 civil suit. The Court will adopt Judge Denney's second R&R

22  and deny Edmiston's MSJ because genuine disputes of material fact remain as to

23  whether Saucedo used excessive force against him. As to the remaining portions of the

24  R&Rs that Edmiston did not object to, the Court will adopt Judge Denney's

25  recommendations because he did not clearly err. The Court will then overrule Edmiston's

26  objection to Judge Denney's order denying the motion for expert witness because

27  Edmiston's excessive force claims are neither factually nor legally complex. Finally, the

28  Court will deny Edmiston's motion in limine and motion for subpoena because they are

1   premature, and the Court does not rely on Edmiston's disciplinary records or the video of

2   the incident in addressing the MSJ.

3          **A.     Motion for Preliminary Injunction**

4          Edmiston objects to Judge Denney's recommendation that his PI Motion should

5   be denied.[7] (ECF No. 41.) In the R&R, Judge Denney found that criminal sanctions under

6   18 U.S.C. § 242 are not an appropriate remedy in a § 1983 action. (ECF No. 36 at 4.)

7   Edmiston counters that the Court should apply the rule of lenity and construe § 242 in

8   Edmiston's favor to find that Defendants deprived him of his constitutional rights. (ECF

9   No. 41 at 1-4.) The Court agrees with Judge Denney's recommendation.

10         First, the rule of lenity does not apply here because there is no question that § 242

11  is a criminal statute and prosecution under § 242 must be initiated by the government—

12  not by the Court or a private citizen like Edmiston. *See Green v. Dumke*, 480 F.2d 624,

13  628 (9th Cir. 1973) (explaining that 18 U.S.C. § 242 is the criminal counterpart of § 1983)

14  (citations omitted); *U.S. v. Kelly*, 874 F.3d 1037, 1049 (9th Cir. 2017) ("The rule of lenity

15  only applies if, after considering text, structure, history, and purpose, there remains a

16  grievous ambiguity or uncertainty in the statute such that the Court must simply guess as

17  to what Congress intended") (citation and quotation marks omitted); *Williams v. Brennan*,

18  Case No. 2:12–cv–2155 KJM AC P, 2013 WL 394871, at *2 (E.D. Cal. Jan. 30, 2013)

19  ("Violations of [18 U.S.C. § 242] must be prosecuted by the Department of Justice").

20  Because Edmiston is not a prosecutor, he lacks standing to seek criminal sanctions

21  against Defendants. *See Thoma v. Fin. Factors, Ltd*., Case No. 11–00316 LEK–RLP,

22  2011 WL 2580781, at *5 n.2 (finding that the plaintiff "lacks standing to initiate criminal

23

24         [7]In their response to Edmiston's objection, Defendants mistakenly state that the
    clearly erroneous standard of review applies. (ECF No. 44 at 2-3.) Defendants rely on LR
25  IB 3-1. (*Id*. at 2 ("A district judge may reconsider any pretrial matter referred to a
    magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the
26  magistrate judge's order is clearly erroneous or contrary to law.").) But that rule applies
    to matters that may finally be determined by a magistrate judge in civil cases. *See* LR IB
27  3-1. Here, the Court is reviewing Judge Denney's Recommendation that the Court deny
    Edmiston's PI Motion. (ECF No. 36.) LR IB 1-4(a) provides that PI Motions may not be
28  finally determined by Magistrate Judges. Accordingly, LR IB 3-2—not LR IB 3-1—applies
    to the Court's review of the R&R. The Court's review of the R&R is accordingly de novo
    as to those portions of the R&R that Edmiston objects to. *See* LR IB 3-2(b).

1  charges against Defendants [under § 242]" because the plaintiff is not a federal

2  prosecutor) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Summers v. Earth*

3  *Island Inst.*, 555 U.S. 488, 493 (2009) (noting that standing extends to each type of relief

4  sought) (citation omitted).

5         Moreover, § 242 does not provide for a private, civil cause of action. In other words,

6  Edmiston may not pursue criminal sanctions against Defendants in his civil suit under §

7  1983, which only provides for civil remedies for constitutional violations. *See Burgess v.*

8  *City & Cnty. of S.F.*, 49 F. App'x. 122 (9th Cir. 2002) (noting that § 242 is a criminal statute

9  which "cannot form the basis for a civil suit") (citing *Aldabe v. Aldabe*, 616 F.2d 1089,

10  1092 (9th Cir. 1980)). Accordingly, the Court overrules Edmiston's objection and adopts

11  Judge Denney's R&R in full.

12         **B.    Motion for Summary Judgment[8]**

13         Edmiston also objects[9] to Judge Denney's recommendation that his MSJ be

14  denied because there are disputed material facts as to whether the force was justified

15  and applied in good faith, whether there was a reasonably perceived threat, and the extent

16  of Edmiston's injuries. (ECF Nos. 53, 55.) Edmiston argues that Defendants are purposely

17  withholding the video of the incident to deprive him of summary judgment, and that after

18  viewing the video, the Court would undoubtedly rule in his favor.[10] (ECF No. 55 at 1-3.)

19  The Court agrees with Judge Denney.

20         An Eighth Amendment excessive force claim turns on whether the force was

21  applied in a good-faith effort to maintain or restore discipline, or applied maliciously and

22  sadistically for the purpose of causing harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7

23  (1992) (citation omitted). "The contrast is clear: an officer who harms an inmate as part

24

25         [8]The Court notes that Edmiston is only seeking summary judgment against

26  Saucedo for the Eighth Amendment excessive force claim. (ECF No. 28 at 5.)

         [9]Defendants are, again, using the wrong standard of review in their response to

27  Edmiston's objection. (ECF No. 57 at 3.)

28         [10]The Court notes that Edmiston's arguments and allegations are difficult to follow

  and require the Court to construe them as stated herein.

1  of a good-faith effort to maintain security has acted constitutionally, but an officer who

2  harms an inmate for the very purpose of causing harm . . . has engaged in excessive

3  force." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018) (citation and quotation marks

4  omitted). In other words, "officer intent—not officer enjoyment—serves as the core

5  dividing factor between constitutional and unconstitutional applications of force." *Id.* The

6  court may consider the following factors in the excessive force analysis: "(1) the extent of

7  injury suffered by an inmate; (2) the need for application of force; (3) the relationship

8  between that need and the amount of force used; (4) the threat reasonably perceived by

9  the responsible officials; and (5) any efforts made to temper the severity of a forceful

10 response." *Bearchild v. Cobban*, 947 F.3d 1130, 1141 (9th Cir. 2020) (citations omitted).

11      In his objection, Edmiston argues that the Court will grant him summary judgment

12 after viewing the video. (ECF No. 55 at 1-3.) Edmiston alleges that the video shows he

13 did not hit or grab Saucedo's shield, that he placed his arm in the food slot without any

14 provocation, and that he was bleeding profusely after Saucedo struck him. (*Id.* at 2-3.)

15 However, resolution of Edmiston's MSJ does not hinge on the Court's review of this single

16 video.[11] As further explained below, Defendants have presented the Court with an

17 abundance of other evidence that raises genuine disputes of material fact. (ECF Nos. 30,

18 30-1, 30-2.) Moreover, Edmiston's summary of the video's content directly challenges the

19 credibility of various eyewitness/investigative reports, since these reports contradict

20 Edmiston's version of events. (ECF No. 30-1.) For instance, Hollingsworth claims that the

21 video shows Edmiston did indeed reach into the food slot and strike Saucedo's shield.

22 (*Id.* at 4.) However, it is not the role of the Court to make credibility determinations or

23 determine the truth of the matter at summary judgment—the role of the Court is to

24 determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249, 255

25 (citation omitted). These conflicting accounts present disputed material facts for the jury.

26 Thus, summary judgment is not decided on the inclusion or exclusion of the video.

27

28      [11]Although the Court has not received a copy of the video, it notes that Defendants submitted Investigator Hollingsworth's detailed report of the video's content, after he reviewed the video. (ECF Nos. 30-1 at 4-5, 53 at 10-11.)

7

Next, as noted above, summary judgment is not appropriate because there are genuine issues of material fact. First, there is a genuine dispute regarding the severity and extent of Edmiston's injuries. *See Bearchild*, 947 F.3d at 1141; *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (the "extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary. . . [and] may also provide some indication of the amount of force applied") (citations and quotation marks omitted). Edmiston alleges that he suffered nerve damage, permanent scar tissue/disfigurement, significant swelling, and severe blood loss from Saucedo's attack, and required surgery. (ECF No. 28 at 2-4.) Defendants counter that Edmiston's injuries were not as severe as he represents. (ECF No. 30 at 4.) They point to eyewitness reports that describe Edmiston's blood loss as "moderate," and medical reports characterizing Edmiston's abrasions as "superficial," and only requiring sutures. (ECF Nos. 30 at 4, 10, 30-1 at 4, 30-2 at 3-5.) Notably, there is no evidentiary support, other than Edmiston's own allegations, that he developed nerve damage and permanent disfigurement from the incident—the photos Edmiston submitted only show three puncture wounds on his forearm. (ECF No. 55 at 4.)

Second, there are genuine disputes regarding whether Saucedo reasonably perceived a threat from Edmiston to warrant use of force and whether the force was applied in good faith. *See Hudson*, 503 U.S. at 6-7; *Bearchild*, 947 F.3d at 1141. According to Edmiston, he captured his food port during a pill call on April 6, 2021, to protest the denial of his shower and yard privileges, and only "gently" pushed the shield to "fend off" Saucedo from his door. (ECF No. 28 at 4.) Saucedo allegedly responded by striking Edmiston's arm and forearm nine times with his key. (*Id*. at 2, 4.) Edmiston argues that Saucedo's application of force was undisputedly malicious, sadistic, and for the very purpose of causing harm. (*Id*. at 4.)

However, Defendants counter that Edmiston was aggressive, and Saucedo only applied force to restore discipline and security. (ECF No. 30 at 7-8.) Defendants point to various eyewitness reports and Saucedo's own report to support their argument. (*Id*.)

1    According to Saucedo, he was escorting Nurse Hunt on a pill call on April 6, 2021. (ECF

2    No. 30-1 at 2.) Saucedo was aware that Edmiston was a High-Risk Potential inmate. (ECF

3    No. 30 at 9.) After Nurse Hunt placed his pills in the food slot, Edmiston reportedly

4    reached out and punched Saucedo's shield multiple times, and tried to grab the shield.

5    (ECF No. 30-1 at 3.) Nurse Hunt witnessed Edmiston punch Saucedo's shield three times

6    with a closed fist. (*Id*. at 4.) Another correctional officer (McArdle) observed Edmiston

7    reach his arm out of the food slot and grab at Saucedo. (*Id*. at 3.)

8        According to Saucedo and Nurse Hunt, Edmiston was acting erratically and

9    agitated, like "he was under the influence of a controlled substance," and yelling in an

10   aggressive tone during the incident. (*Id*. at 3-4.) Edmiston only retracted his arm back in

11   his cell when Saucedo struck him with the key, and Saucedo then closed the food slot.

12   (*Id*.) A rational trier of fact could find that Saucedo reasonably perceived a threat when

13   Edmiston repeatedly punched and grabbed his shield, and applied force in good faith to

14   maintain security and restore discipline. *See Anderson*, 477 U.S. at 250-51; *Hoard*, 904

15   F.3d at 788. This finding is conceivable, particularly given that prison officials often make

16   decisions "in haste, under pressure, and frequently without the luxury of a second

17   chance." *Whitley v. Albers*, 475 U.S. 312, 320 (1986).

18        Finally, there is a genuine dispute regarding the *amount* and severity of force used

19   against Edmiston. *See Bearchild*, 947 F.3d at 1141. Both Hollingsworth, who reviewed

20   the video, and Edmiston allege that Saucedo struck Edmiston at least nine times with his

21   key. (ECF Nos. 28 at 2, 30 at 8, 30-1 at 4.) However, Saucedo reports that he only struck

22   Edmiston "several times" to capture his shield and force Edmiston to release the shield.

23   (ECF No. 30-1 at 3.) Nurse Hunt witnessed Saucedo make a striking motion towards the

24   food slot and heard "a metal on metal sound approximately three times." (*Id*. at 4.) Officer

25   McArdle observed Saucedo hitting Edmiston in the arm but did not specify how many

26   times. (*Id*. at 3.) These differing narratives challenge the accuracy and credibility of

27   Saucedo and Edmiston's accounts of what happened. *See Anderson*, 477 U.S. at 249,

28   255. When viewed in the light most favorable to Defendants, the evidence presents

1    unsettled, disputed questions of material fact for the jury. *See Kaiser*, 793 F.2d at 1103.

2    The Court must therefore deny summary judgment.

3           **C.    Motion for Appointment of Expert**

4           Edmiston objects to Judge Denney's order denying his motion for appointment of

5    expert. (ECF Nos. 64, 66.) Notably, Edmiston does not raise any specific arguments as

6    to *why* he objects to Judge Denney's ruling. (ECF No. 66.) Instead, he attempts to appeal

7    Judge Denney's order and argue that the Ninth Circuit has jurisdiction.[12] (*Id.*) Since the

8    Ninth Circuit has already dismissed Edmiston's appeal for lack of jurisdiction, the Court

9    will construe Edmiston's filing as an objection for the district court and will overrule it for

10   the following reasons. (ECF No. 72.) *See In re San Vicente Med. Partners Ltd.*, 865 F.2d

11   1128, 1131 (9th Cir. 1989).

12          The Court finds that the appointment of an expert is not warranted, and that Judge

13   Denney did not clearly err. *See* Fed. R. Civ. P. 72(a). In his motion, Edmiston argues that

14   he needs an expert to testify to the nature, extent, and causation of his injuries. (ECF No.

15   56 at 2-3.) However, Judge Denney correctly found that Edmiston's case involves fairly

16   straightforward, typical excessive force claims, and concerns injuries to Edmiston's arm,

17   forearm, and shoulder by correctional officers. (ECF Nos. 38, 64 at 3.) This case does not

18   involve overly complex, elusive, or unknown medical issues. *See McKinney v. Anderson*,

19   924 F.2d 1500, 1511 (9th Cir. 1991) (a district court has discretion to appoint a Rule 706

20   expert when a case involves particularly complex scientific issues and evidence); *Walker*

21   *v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999)

22   (appointment of independent expert is appropriate "to assist the court in evaluating

23   contradictory evidence about an elusive disease of unknown cause") (citations omitted).

24          Here, Edmiston can sufficiently explain the nature and causation of his injuries to

25   a trier of fact, without an expert, using his own testimony, other eyewitness testimonies,

26   investigative reports from the prison, relevant medical records, grievances, and inmate

27   _____

28   [12]The Court notes that Edmiston's objection is confusing. He addresses the district
     court in the heading but then proceeds to appeal Judge Denney's order to the Ninth Circuit
     in the text. (ECF No. 66.)

1  requests. (ECF No. 64 at 4.) Thus, Judge Denney did not clearly err in denying Edmiston's

2  motion and Edmiston's objection is overruled. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ.

3  P. 72(a); LR IB 3-1(a).

4          **D.      Motion in Limine & Motion for Subpoena**[13]

5          Next, the Court addresses Edmiston's motion in limine, where he seeks to exclude

6  his disciplinary records from trial and from the Court's consideration for his MSJ because

7  they are prejudicial. (ECF No. 39.) The Court denies the motion for the following reasons.

8  First, the admissibility of these records at trial is premature. District courts generally defer

9  ruling on motions in limine until shortly before or during trial "so that questions of

10 foundation, relevancy and potential prejudice may be resolved in proper context."

11 *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)

12 (citations omitted); *see also Nelson v. Paulson*, Case No. C08-1034-JCC, 2008 WL

13 11347441, at *1 (W.D. Wash. Dec. 15, 2008) (deferral is appropriate "to ensure that the

14 issues surrounding the disputed evidence and context for its admissibility are sufficiently

15 established"). Because trial is not imminent and no trial date has been set, the Court

16 declines to resolve the evidentiary issue at this time. Edmiston's second argument is moot

17 because the Court does not rely on his disciplinary records to resolve the MSJ. As noted

18 above, Defendants have presented other evidence to show genuine disputes of material

19 facts. (ECF Nos. 30, 30-1, 30-2.) Edmiston's motion in limine (ECF No. 39) is therefore

20 denied without prejudice but with leave to refile closer to trial.

21         Edmiston also filed a motion for subpoena,[14] where he seeks submission of the

22 video of the incident to use at trial and for the Court's review for the MSJ.[15] (ECF Nos.

23 _____

24 [13]The Court notes that Edmiston's arguments and allegations are difficult to follow and require the Court to construe them as stated herein.

25 [14]The Court notes that motions for subpoenas are generally directed at non-parties

26 to a lawsuit, not for the defendants. *See* Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45(a). Due to Edmiston's *pro se* status, the Court will nonetheless address and resolve the motion.

27 [15]Defendants contend that the video was already produced to the warden on June

28 3, 2022, for Edmiston's review. (ECF No. 70 at 3.) Edmiston does not dispute this. (ECF Nos. 65, 71.) Instead, he specifically argues that Defendants are intentionally withholding

65, 71.) The Court denies the motion for the following reasons. First, as to the production of the video for trial, Edmiston's motion is premature. (ECF No. 65 at 1.) As previously explained, trial is not imminent and no trial date has been set for this case. If the case proceeds to trial, the joint pretrial order will address the exhibits that the parties identify for trial. Second, the Court is unpersuaded by Edmiston's argument that it needs to watch the video to resolve the MSJ. (ECF No. 71.) The Court has already explained that resolution of the MSJ does not hinge on the submission of this single video—Defendants have highlighted other evidence that raise genuine disputes of material fact for trial. (ECF Nos. 30, 30-1, 30-2.) Edmiston's motion is therefore denied without prejudice.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Edmiston's objections (ECF Nos. 41, 55, 58) to Judge Denney's Reports and Recommendations are overruled.

It is further ordered that Judge Denney's Reports and Recommendations (ECF Nos. 36, 53) are adopted in their entirety.

It is further ordered that Edmiston's objection (ECF No. 66) to Judge Denney's order (ECF No. 64) denying his motion for appointment of expert witness (ECF No. 56) is overruled.

It is further ordered that Edmiston's motion for preliminary injunction (ECF No. 24) is denied.

It is further ordered that Edmiston's motion for summary judgment (ECF No. 28) is denied.

It is further ordered that Edmiston's motion in limine (ECF No. 39) is denied without

the video from the Court to deprive him of summary judgment. (ECF No. 71 at 4.) Edmiston also clarified in his reply that, contrary to Defendants' claim, he is not seeking to have a copy of the video in his prison cell. (ECF Nos. 70 at 3, 71 at 1.)

1 | prejudice.

2 |       It is further ordered that Edmiston's motion for subpoena (ECF No. 65) is denied

3 | without prejudice.

4 |       It is further ordered that under LR 16-5, the Court finds that it is appropriate to refer

5 | this case to Judge Denney to conduct a settlement conference. If the parties do not settle,

6 | the Joint Pretrial Order is due within 30 days of the date the settlement conference is

7 | held.

8 |       DATED THIS 31st Day of October 2022.

_____

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE