UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN EDMISTON,<br><br>                      Plaintiff,<br>   v.<br><br>RICARDO SAUCEDO, *et al.*,<br><br>                     Defendants. | Case No. 3:21-cv-00245-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Justin Edmiston, who is incarcerated at High Desert State Prison, brings this action under 42 U.S.C. § 1983. (ECF No. 38.) The Court ordered Edmiston to show cause as to why the Court should not dismiss this case for failure to comply with its order (ECF No. 108) to attend the mandatory pretrial telephonic status conference set on August 4, 2023. (ECF No. 111 ("Order").) At that status conference, counsel for Defendants informed the Court that the Nevada Department of Corrections warden had advised that Plaintiff refused to leave his cell to participate. (*Id.*) The Court vacated the trial scheduled to begin on August 15, 2023 and issued the show cause order. (*Id.*) The Court held a show cause hearing on November 6, 2023, after briefing by the parties.[1] (ECF No. 132.) The Court finds that Edmiston has satisfied the Court's Order. Accordingly, the Court will allow Plaintiff to proceed and will reset this case for trial. Plaintiff is advised, however, that the case will be dismissed with prejudice if he fails to comply with future orders.

///

---

[1]The Court has reviewed Plaintiff's responses to the show cause order (ECF Nos. 125, 127), Defendants' response (ECF No. 130), and Plaintiff's reply (ECF No. 131). In none of his filings does Plaintiff directly address his failure to appear at the video conference as scheduled on August 4.

The Ninth Circuit has instructed district courts to consider five factors in determining whether to dismiss a case for failure to comply with court orders. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors include (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. *Id.* The test is not mechanical and the list of factors is non-exhaustive. *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

Here, the Court finds that public policy favoring disposition of cases on their merits weighs strongly against dismissal and outweighs other factors. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Plaintiff will not have another opportunity to litigate his claims on their merits and has provided a colorable explanation for his failure to appear. Most importantly, he indicated at the show cause hearing that he believed he did not have to attend the August 4 status conference because an officer told him attendance was not mandatory when he asked directly for clarification. (ECF No. 132.) While the several-month delay may produce minor prejudice to Defendants, this concern is mitigated here because Plaintiff's failure to comply occurred close to trial after parties engaged in discovery.

The Court agrees with Defendants that the first two factors—the public's interest in expeditious resolution and the Court's need to manage its docket—weigh in favor of dismissal, given the importance of compliance by all parties in litigation. (ECF No. 130 at 2.) While dismissal is a drastic sanction and the Court declines to apply it here, Plaintiff must comply fully with court orders, including orders to appear, through the rest of this litigation. Plaintiff is advised that failure to do so will result in dismissal with prejudice, given the history of delay.

It is therefore ordered that the Court's order to show cause (ECF No. 111) is satisfied.

It is further ordered that the Court will reset this case for trial in a separate order.

DATED THIS 17th Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE